**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TYSHAWN G. PITTMAN,**

                          **Plaintiff,**

               **v.**

**DANIEL EDWARDS,**

                          **Defendant.**

_____

           **5:20-cv-319**
           **(GLS/ATB)**

## <u>SUMMARY ORDER</u>

Plaintiff *pro se* Tyshawn G. Pittman commenced this action against defendant Daniel Edwards pursuant to 42 U.S.C. § 1983 and New York State law.  (Compl., Dkt. No. 1.)  On July 21, 2020, the court adopted Magistrate Judge Andrew T. Baxter's Order and Report-Recommendation (R&R) dismissing certain defendants and claims.  (Dkt. Nos. 13, 14.)  Now pending is Edwards' unopposed motion to dismiss Pittman's remaining claims: a Fourth Amendment malicious prosecution claim, a Fourteenth Amendment equal protection claim, and state law claims of defamation and intentional infliction of emotional distress.[1]  (Dkt. No. 27.)  For the reasons that follow, Edwards' motion is granted.

_____

    [1]  The court assumes the parties' familiarity with the underlying facts, which are stated in full in the R&R.  (Dkt. No. 13 at 3-7.)

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here.  For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

"Where a properly filed motion [to dismiss] is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." *Albino v. City of Amsterdam Police*, No. 1:19-CV-1415, 2020 WL 7024388, at *2 (N.D.N.Y. Nov. 30, 2020) (citation omitted).  "Under such circumstances, dismissal is appropriate where the movant's argument for dismissal is 'facially meritorious.'"  *Id.* (citation omitted); *see also Herring v. Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious'" (citation omitted)).

Edwards seeks dismissal for the following reasons: the complaint does not plausibly allege Edwards' personal involvement; the malicious

2

prosecution claim fails because there was probable cause for the charges

brought against Pittman; Pittman does not plausibly allege that similarly

situated individuals were treated differently, and thus, his equal protection

claim must be dismissed; as to Pittman's state law claims, the court should

not exercise supplemental jurisdiction; and Edwards is entitled to qualified

immunity.  (Dkt. No. 27, Attach. 2.)  Pittman has failed to respond to

Edwards' motion, and there is nothing in the record that demonstrates any

inclination by Pittman to continue to prosecute this case.  Accordingly,

because Pittman has failed to respond, and because Edwards' motion is

facially meritorious, Edwards' motion to dismiss is granted, and Pittman's

complaint is dismissed.  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears

that the plaintiff has failed to prosecute an action or proceeding diligently,

the assigned judge shall order it dismissed.").

In any event, Pittman's claims fail on the merits.  Although there is

some question as to what documents are properly considered along with

the complaint, the court has reviewed the entire record in light of the fact

that Pittman has not responded.  A review of the record suggests that no

proper claim for malicious prosecution or equal protection lies in this

action.  As such, Edwards' motion to dismiss Pittman's malicious

3

prosecution and equal protection claims is granted, and the claims are dismissed.

Because all of Pittman's federal claims are dismissed, the court declines to exercise supplemental jurisdiction over the state law claims. *See Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y.*, 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims." (citations omitted)).  As such, Pittman's defamation and intentional infliction of emotional distress claims are dismissed as well.

Accordingly, it is hereby

**ORDERED** that Edwards' motion to dismiss (Dkt. No. 27) is **GRANTED**; and it is further

**ORDERED** that Pittman's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

4

April 22, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge